Strafford,
No. 5531.

## HUMBLE OIL & REFINING CO.

*v.*

## MARTIN E. BERRY.

Argued November 2, 1966.
Decided November 30, 1966.

*Robert A. Shaines* and *Fred J. Madrigan* ( *Mr. Madrigan* orally ), for the plaintiff.

*James Koromilas* ( by brief and orally ), for the defendant.

KENISON, C. J. The pertinent part of RSA 298:3 provides that upon demand of payment of a debt of a corporation " . . . it shall be the duty of the officers and stockholders thereof forthwith to pay and discharge the same with the *funds of the corporation*, or to expose unencumbered personal *property of the corporation* sufficient to satisfy the same with costs of suit, so that it may be attached in a suit of the creditor against the corporation; and if such property be thus exposed, no suit shall be maintained against the stockholders. " ( Emphasis supplied. ) In the present case a proper demand was made. *Connecticut River Savings Bank* v. *Fiske*, 60 N. H. 363.

RSA 298:4 in pertinent part provides that if the debt is not paid or unencumbered corporate personal property sufficient to satisfy it is not exposed, " the officers of the corporation shall forthwith call a meeting of the stockholders to provide means for its payment, by assessments upon themselves or otherwise, within sixty days from the date of the demand. If an officer whose duty it may be to call such meeting shall unreasonably neglect or refuse to call the same, he shall forfeit one thousand dollars, to be recovered in an action of debt by any person injured. "

RSA 298:3, 4 is a hoary statute and has been construed more than a half century ago as penal in character. As was said in *Coulombe* v. *Eastman*, 77 N. H. 368, 369-370, " the principal purpose of the Legislature was, not to provide an adequate remedy for the unfortunate creditor, but to secure the performance of the statutory duty by imposing a money forfeiture or penalty upon delinquent officers. The benefit to the creditor is incidental and not primary. " If we were writing on a clean slate it would be

possible to construe the statute as remedial rather than penal but the latter construction has been settled and the statute has been re-enacted without change since that time. See Annot. 25 A.L.R. 1428.

The construction of RSA 298:3, 4 by the referee as adopted by the Trial Court was as follows: "The important word in the application of the section in the present case is the word 'expose'. There was no evidence that there was an attempt on the part of the defendant or the Timber Construction Co. to hide any of its assets. The obvious purpose of the requirement to expose is to provide the creditor with the opportunity to place attachments thereon to insure any judgment he might secure. The only assets here were physical objects which were available to be seen by anyone requesting. To that extent they were exposed. If the creditor fails to ask to see the assets he can not later complain that they were not personally shown to him and that is the situation of the present case. Under this interpretation of the statute, there was no failure to expose and therefore no requirement for the calling of a stockholders meeting for the purpose of making an assessment upon the stockholders for the payment of the obligation."

In the present case the plaintiff does not seek to hold the defendant stockholder and officer of the corporation to individual liability for its debts and contracts ( RSA 294:100-104 ) but rather seeks the statutory penalty provided by RSA 298:4. See *Carter, Rice & Co.* v. *Hano Co.,* 72 N. H. 549: 1 Hornstein, Corporation Law and Practice, *s.* 433 ( 1959 ). Inasmuch as RSA 298:3, 4 is a penal statute it must be given a reasonable construction to accomplish its major purpose which is to provide the creditor with an opportunity to attach unencumbered personal property of the corporation. The statute does not require that the officers and stockholders of a corporation expose any property except corporate unencumbered personal property. The requirement in RSA 298:4 that the officers of a corporation call a meeting of the stockholders for an assessment comes into play only when there has not been an exposure of corporate unencumbered personal property. The statute does not demand the impossible and the officers of the corporation are not required to expose corporate property which it does not have.

We conclude on the facts of this case that the provisions of

RSA 298:3, 4 were not violated ( see 13A Fletcher, Corporations, *s.* 6270 ( 1961 ) ), and the order is

*Judgment for the defendant.*

All concurred.